IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11161
Summary Calendar
_____

CHARLES A. WATSON,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,
Price Daniel Unit; Et Al.,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 97-CV-387
- - - - - - - - - - -

June 17, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles A. Watson, Texas prisoner # 738898, argues that the magistrate judge erred in dismissing his 42 U.S.C. § 1983 complaint in which Watson alleged that his legal mail was opened outside of his presence by prison officials and that he has been denied publications which he has purchased, or has received them in a damaged condition.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have reviewed the record and Watson's brief, and find that the magistrate judge did not err in determining that Watson had failed to state a constitutional claim with respect to the the opening of his legal mail outside his presence because he failed to show that his legal position was prejudiced by the action of the defendants. See Brewer v. Wilkinson, 3 F.3d 816, 825-26 (5th Cir. 1993). We have further determined that Watson's allegations that in September 1997, he was denied a publication containing sexually graphic materials fails to state a constitutional claim because the court has found that prison officials have a legitimate interest in prohibiting prisoners from receiving materials containing explicit sexual activity because it would promote deviant sexual behavior in the prison population. See Thomspson v. Patteson, 985 F.2d 202, 206 n.1 (5th Cir. 1993).

The magistrate judge also did not err in dismissing Watson's claim concerning the denial of a publication arriving in October 1997, accompanied by an invoice, because Watson failed to exhaust his administrative remedies with respect to this claim. See 28 U.S.C. § 1997e(a).

We have determined, however, that the magistrate judge prematurely dismissed Watson's claims with regard to the denial of the comic books because the record does not reflect whether the prohibition of the comic books serves a legitimate penological interest. See Procunier v. Martinez, 416 U.S. 396, 413 (1974); Adams v. Gunnell, 729 F.2d 362, 367 (5th Cir. 1984).

The dismissal of Watson's claim concerning the comic books is VACATED and the case is REMANDED to the district court for further consideration of this claim.  The magistrate judge's judgment is AFFIRMED in all other respects.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.